**Ghazi ABOAID, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70012.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 28, 2005.

Orit Levit, Korenberg Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

### MEMORANDUM **

Ghazi Aboaid, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum and withholding of removal, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the BIA's and IJ's decisions unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ We conclude that substantial evidence supports the BIA's and IJ's decisions because, even assuming Aboaid's testimony was credible, he failed to show the Syrian government either persecuted him or was "unwilling or unable to control" his persecutors, and was thus unable to establish eligibility for asylum. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005). Furthermore, Aboaid's parents

and siblings, who are also practicing Christians, have remained in Syria without problems. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001).

■ Because Aboaid failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

■ Because he did not present any evidence to establish that it is more likely than not that the Syrian government would torture him or demonstrate "willful blindness" to his torture by third parties, Aboaid's request for protection under CAT also fails. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.